
**FILED**
**JULY 2, 2010**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GABRIEL SALINAS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:09-CV-0301 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DENY
## PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner Salinas has filed with this Court a form Petition for a Writ of Habeas Corpus by a Person in State Custody. Salinas is presently incarcerated pursuant to a 2009 conviction for possession of marijuana. In August 2009, while incarcerated at the Mineral Wells Pre-Parole Transfer Facility, defendant was found guilty of failing to obey an order. Petitioner had, however, been moved to the Neal Unit, which is in this Court's jurisdiction, by the time he filed the instant petition. *See* 28 U.S.C. § 124(a)(5).

As a result of the disciplinary proceeding (number 20090344898), petitioner lost thirty days of good-time credit, fifteen days of recreation and commissary privileges, and was reduced in class from Line 1 to Line 2. Both of his Step 1 and Step 2 Grievances were unsuccessful. For the reasons hereinafter expressed, the undersigned United States Magistrate recommends this petition be DENIED.

I.
FACTUAL BACKGROUND

In August 2009, an alarm sounded at the Mineral Wells Facility that an assault with injuries had occurred in one of the dorms. Several corrections officers responded to the alarm. While the officers were running to the dorm where the incident occurred, they came across petitioner Salinas. According to the officers, Salinas was running from the scene. Several reports from different officers indicate the officers told petitioner to stop running and lay on the ground. The officers stated Salinas did not stop and, instead, was taken down to the ground by one of the corrections officers. Salinas contends in his petition that, at the time the alarm sounded, several inmates were around him and he did not realize the officers were directing him, specifically, to get stop and get on the ground. According to Salinas, as soon as he realized the officers were directing their orders toward him, he immediately obeyed them.

II.
PETITIONER'S ALLEGATIONS

Petitioner appears to allege:

1. He suffered racial discrimination at the disciplinary proceedings. Two white offenders were charged with the same offense as Salinas. On the day of the hearing, one received a punishment lighter that Salinas received and the other's disciplinary case was dismissed altogether.

2. Denial of effective assistance of counsel. Salinas avers his counsel substitute failed to conduct an adequate investigation into his case and did not perform in good faith.

3. Denial of due process because counsel substitute failed to adequately represent petitioner in the disciplinary case.

4. There was insufficient evidence to support the determination of guilt.

III.
EXHAUSTION OF CLAIMS

A State inmate must exhaust all available state remedies before proceeding in federal court unless circumstances exist which render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b), (c). The Fifth Circuit has long held that inmates seeking relief from prison disciplinary cases must exhaust their available administrative remedies before pursuing a federal writ of habeas corpus. *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).

A prisoner must complete both steps of the grievance process to satisfy the exhaustion requirement. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Moreover, an administrative grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit. *Id.* at 522. (noting that "[i]n deciding how much detail is required in a given case . . . a court must interpret the exhaustion requirement in light of its purposes, which include the goal of giving officials 'time and opportunity to address complaints internally'").

In this case, petitioner complained, in his Step 1 Grievance, that he, in fact, complied with the order. (Disciplinary Grievance Records [DGR], pg. 1). He did not complain of racial discrimination or the quality of representation he received from counsel substitute. (*See id.*). In his Step 2 Grievance, Salinas did not state he had complied with the order to stop. (*Id.*, pg. 3). Instead, he argued: "The only reason that I was given a disciplinary case for disobeying an order was because the assistant warden, Mr. McCulure [sic], could not prove that I was part of the incident that had occurred just minutes befor [sic] I was ordered to get on the ground." (*Id.*). Petitioner additionally contended the disciplinary hearing was not conducted in a timely fashion. (*Id.*)

Review of these grievance records, then, reveals Salinas has not exhausted the first three issues he presents in his habeas corpus petition. Specifically, Salinas never complained of racial discrimination or the quality of representation from his counsel substitute until he came to federal court. Therefore, those issues are not properly exhausted. *See Johnson*, 385 F.3d at 522. This Court cannot address the merits of petitioner's first three issues. *See Lerma*, 585 F.2d at 1299.

IV.
SUFFICIENCY OF THE EVIDENCE

The Court broadly construes both grievance forms as raising sufficiency of the evidence challenges similar to the one Salinas raises in his federal habeas corpus petition. *See Johnson*, 385 F.3d at 517. Generally, federal courts have a "policy of minimum intrusion into the affairs of state prison administration." *Williams v. Edwards*, 547 F.2d 1206, 1212 (5th Cir. 1977). A federal court may not retry a prison disciplinary dispute. *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981). Rather, a federal district court is only allowed to consider whether the "actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion." *Id.* The court must uphold the disciplinary determination if there is "some evidence" in the record to supporting it. *Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985). If "any evidence at all" supports the decision, a federal habeas court may not overturn it. *Smith*, 659 F.2d at 545.

"Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." *Hudson v. Johnson*, 242 F.3d 534, 536-37 (5th Cir. 2001). The information provided in a written incident report standing alone can satisfy the "some evidence" standard. *Id.* at 537. "Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision." *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001).

The records in this case contain four statements from four different corrections officers. Assistant Warden McClure's Offense Report states:

> I observed [Salinas] running away from the scene. He was ordered to stop and lay on the ground. He failed to obey the order and attempted to enter Housing Unit 756. A use of force was required to reach compliance with the order.

(Disciplinary Hearing Records, pg. 5). Officer Martin Frink's Use of Force Report states:

> I, Martin Frink, ordered offender Salinas, Gabriel 1557413 to stop running and lay on the ground . . . Salinas did not respond to the direct order to lay down. Assistant Warden McClure approached the offender and placed his hands on the offenders [sic] shoulders and guided the offender to the ground.

(*Id.*, pg. 7). Officer Kary Lindley stated in her Incident Statement:

> As I approached Dorm 756 on my way towards Dorm 751, I noticed an offender running towards the entrance of Dorm 756. I gave verbal directions to the offender to stop. The offender failed to obey those directions, so I block [sic] the entrance of Dorm 756. At this time, Assistant Warden Norman McClure placed the offender on the ground and placed restraints on the offender . . . The offender was later determined to be Salinas, Gabriel # 1557413.

(*Id.*, pg. 8). Officer Craig Scott's Incident Statement stated:

> Offender Salinas, Gabriel # 1557413 was running in the front side of dorm 756 when he was instructed by Assistant Warden Norman McClure and Program Manager Kary Lindley to stop. Offender Salinas failed to do so and at this time Assistant Warden McClure placed his right hand on offenders [sic] right should and placed his (AW McClure) left hand on the offenders [sic] left shoulder and took him to the ground.

(*Id.*, pg. 9). At the disciplinary hearing, petitioner stated he did not remember whether Assistant Warden McClure instructed him to stop. McClure was the only officer who testified at the hearing, but his testimony, which was recorded on a cassette tape used by the hearing officer, was unintelligible by the Court.

The Court's inability to make out McClure's disciplinary hearing testimony, however, is not fatal to the resolution of this case. The disciplinary records contain reports from four different

officers. All four officers state petitioner was told to stop and get on the ground and that he failed to do so. The information from these incident reports is, standing alone, sufficient to constitute some evidence in support of the guilty determination. *See Hill*, 472 U.S. at 454, 105 S.Ct. at 2774; *Hudson*, 242 F.3d at 537. Because there is some evidence supporting the guilty determination, this Court may not overturn it. *See Smith*, 659 F.2d at 545.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner GABRIEL SALINAS be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 2nd day of July, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).